**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 05-2444

UNITED STATES,

Appellee,

v.

PERRY A. SANTIAGO-SALAZAR,

Defendant, Appellant.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay Garcia-Gregory, U.S. District Judge]

———————

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

———————

Mariángela Tirado-Vales on brief for appellant.
Mariana E. Bauzá-Almonte, Assistant United States
Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and
H.S. Garcia, United States Attorney, on brief for appellee.

———————

August 1, 2006

———————

**Per Curiam**.  Perry Santiago-Salazar pleaded guilty to possessing cocaine with intent to distribute after law enforcement officials seized a cocaine-filled suitcase that he had placed aboard an airline flight from Puerto Rico to New York.  At his sentencing hearing in the District Court for the District of Puerto Rico, Santiago-Salazar requested a downward adjustment in his federal Sentencing Guidelines offense level, arguing that he had played only a minor role in the offense.  See USSG § 3B1.2.  The court denied the adjustment and, after making other applicable adjustments, sentenced the defendant to 87 months in prison.

On appeal, Santiago-Salazar contends that the district court erred in declining to grant him the downward adjustment.  We review a district court's role-in-the-offense determination for clear error.  See United States v. Ortiz-Santiago, 211 F.3d 146, 148-49 (1st Cir. 2000) (citing United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990)).  The determination whether a defendant has played only a "minor" or "minimal" role in the offense, USSG § 3B1.2, is "notoriously fact-sensitive."  Id. at 148.  A defendant seeking a minor-role adjustment bears the burden of showing that he is (1) less culpable than most other people involved in the particular offense for which he was convicted and (2) less culpable than most other perpetrators of comparable crimes.  See United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005).  The defendant here has made no such showing.  To the contrary, the

-2-

facts indicate that Santiago-Salazar was in charge of the illicit transaction, since he not only orchestrated the shipment of the suitcase but had follow-up conversations and meetings with a confidential source to determine the status of the suitcase and obtain a receipt for the drugs.  The district court cited these follow-up activities as cause to deny the minor-role adjustment. We see no clear error in this logical determination.  In fact, we have affirmed denials of minor-role adjustments to defendants who were simply couriers of contraband and did not engage in follow-up activities like the defendant in this case.  See Mateo-Espejo, 426 F.3d at 512-13 (collecting cases).

**Affirmed**.